**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

STACIE LYNN S.,

                Plaintiff,

    v.                                                      5:24-cv-01042 (AMN/ML)

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

---

**APPEARANCES:**                                         **OF COUNSEL:**

**OLINSKY LAW GROUP**                         **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street – Suite 210
Syracuse, New York 13202
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**     **FERGUS J. KAISER, ESQ.**
Office of Program Litigation, Office 2
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On August 26, 2024, Plaintiff Stacie Lynn S.[1] commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB"). Dkt. No. 1 ("Complaint").

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

This matter was referred to United States Magistrate Judge Miroslav Lovric, who, on September 2, 2025, recommended that the Court deny Plaintiff's motion for judgment on the pleadings, Dkt. No. 8, grant the Commissioner's motion for judgment on the pleadings, Dkt. No. 12, and affirm the Commissioner's decision. Dkt. No. 14 ("Report-Recommendation"). Magistrate Judge Lovric advised that under 28 U.S.C. § 636(b)(1), the Parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 24.[2] Plaintiff filed objections on September 16, 2025, Dkt. No. 15, and the Commissioner filed a response on September 17, 2025, Dkt. No. 16.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen*, 2 F. Supp. 3d at 228 (quoting N.D.N.Y. Local Rule 72.1(c)). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See id.* at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which neither Party has raised a specific objection, finding no clear error therein, including the background and legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this Memorandum-Decision and Order. *See* Dkt. No. 14 at 1-7.

Plaintiff makes two objections in her submission. First, Plaintiff objects to Magistrate Judge Lovric's finding that certain vocational expert testimony did not undermine the ALJ's overall residual functional capacity ("RFC") determination. Dkt. No. 15 at 1-3. As recognized in the Report-Recommendation, the ALJ found at step three of the five-step sequential evaluation promulgated in 20 C.F.R. § 416.920(a)(4) that Plaintiff has moderate limitations in concentrating, persisting, or maintaining pace. Dkt. No. 14 at 10. Notwithstanding those limitations, however, the ALJ concluded at step four (the RFC determination) that Plaintiff "could perform light work with certain limitations." *Id.* at 6. At Plaintiff's hearing before the ALJ, a vocational expert testified in the hypothetical that "if an individual could only frequently . . . up to two-thirds of the time, maintain attention and concentration for simple tasks," such individual would not be able to perform "competitive employment." *Id.* at 13. Plaintiff argues that, since the ALJ found at step three of the sequential evaluation that Plaintiff has certain concentration limitations, this testimony

3

from the vocational expert contradicts the ALJ's RFC determination that Plaintiff could perform light work. Dkt. No. 15 at 1-2. While Plaintiff previously made this same factual argument before Magistrate Judge Lovric in her motion for judgment on the pleadings, *compare id.*, *with* Dkt. No. 8 at 13-16, she argues now that Magistrate Judge Lovric "misapplied the correct legal standard" and "overlooked a critical fact in [the] record," Dkt. No. 15 at 1. Thus, the Court reviews this objection *de novo*.

Upon *de novo* review, the Court finds that the Report-Recommendation did not "overlook" the testimony of the vocational expert regarding Plaintiff's restrictions on competitive employment. Indeed, Magistrate Judge Lovric expressly addressed and rejected what Plaintiff alleges to be a conflict between the vocational expert's testimony and the ALJ's RFC determination. *See* Dkt. No. 14 at 13-14 (reciting the vocational expert's testimony). The Report-Recommendation noted that the vocational expert was asked to testify as to many different hypotheticals, only one of which Plaintiff relies on in her argument, and Magistrate Judge Lovric thus concluded that the ALJ's exclusion of one specific hypothetical in her RFC determination did "not present any grounds for remand." *Id.* at 14 (citing, *inter alia*, *Floyd v. Comm'r of Soc. Sec.*, No. 22-CV-07168, 2023 WL 8473837, at *3 (E.D.N.Y. Dec. 7, 2023) ("An ALJ may ask a vocational expert multiple hypothetical questions, so long as the hypothetical on which the ALJ ultimately relies matches a residual functional capacity assessment that is based on substantial evidence.")); *see also id.* at 14 n.2 ("The ALJ presented additional hypotheticals to the VE regarding sedentary work and social interaction that were not included in her final RFC determination. Plaintiff has not challenged the ALJ's evaluation of those hypotheticals."). The Court agrees with Magistrate Judge Lovric's conclusion regarding this argument for the reasons outlined in the Report-Recommendation.

Regarding Plaintiff's secondary argument that Magistrate Judge Lovric "misapplied the correct legal standard," Plaintiff contends that the Report-Recommendation "ignor[ed] the Commissioner's burden at the final step" of the sequential evaluation. Dkt. No. 15 at 3. More specifically, Plaintiff argues that Magistrate Judge Lovric failed to acknowledge that once certain limitations are found at step three of the sequential evaluation, the Commissioner "bears the burden of establishing that work opportunities [are] available" to that person. *Id.* at 2. However, as Defendants acknowledge, Magistrate Judge Lovric made the explicit finding that the Commission met its burden in that regard. Dkt. No. 16 at 3 ("Magistrate Judge Lovric then properly concluded that the ALJ was permitted to rely on the VE's testimony because the hypothetical upon which the ALJ based her step five determination paralleled the RFC determination") (citing Dkt. No. 14 at 13-14). As the Report-Recommendation recognized, in an alternative hypothetical presented to the vocational expert at the ALJ hearing, the expert identified several jobs in the national economy that a person in Plaintiff's hypothetical shoes could perform,[3] and the ALJ accordingly found that "there are a number of jobs . . . that the claimant could sustain on a full-time basis with generous parameters." Dkt. No. 14 at 13-15. Thus, since the vocational expert opined that work opportunities are available to individuals like Plaintiff, the Commissioner satisfied the burden at step five of the sequential analysis and her argument that the Report-Recommendation ignored that burden is rejected.

Second, Plaintiff objects to Magistrate Judge Lovric's finding that the ALJ properly considered the opinion of Dr. Elke Lorensen in making her RFC determination. Dkt. No. 15 at 3-5. Specifically, Plaintiff argues that such a finding was erroneous because the ALJ's RFC

---

[3] Specifically, the vocational expert testified that a hypothetical individual similar to Plaintiff could serve as a laundry folder, produce sorter, or a price marker. Dkt. No. 7 at 71.

5

determination failed to "provide sufficient reasons for rejecting the moderate restriction in bending [] which Dr. Lorensen assessed." *Id.* at 3.  Plaintiff previously made this argument before Magistrate Judge Lovric, *compare id.* at 3-5, *with* Dkt. No. 8 at 23-24, so the objection is subject to clear error review.  *See Lisa M. S. v. Comm'r of Soc. Sec.*, No. 23-cv-0374, 2024 WL 4343594, at *1 (N.D.N.Y. Sept. 30, 2024) (When "an objecting 'party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the report and recommendation for clear error.'") (quoting *Weather v. Astrue*, 32 F. Supp. 3d 363, 368 (N.D.N.Y. 2012)); *see also Vega v. Artuz*, No. 97-cv-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review[.]") (citations omitted).

In the Report-Recommendation, Magistrate Judge Lovric rejected Plaintiff's argument that the ALJ failed to consider Dr. Lorensen's opinion regarding the moderate bending restriction.  Dkt. No. 14 at 21.  In making this finding, Magistrate Judge Lovric relied on prior cases in which courts have considered this same issue "and concluded that an RFC limiting an individual to light work accommodates moderate postural restrictions on activities such as bending."  *Id.* (citing, *inter alia*, *Katherine Marie S. v. Comm'r of Soc. Sec.*, No. 18-CV-233-TWD, 2019 WL 1427456, at *7 (N.D.N.Y. March 29, 2019)).  Thus, Magistrate Judge Lovric concluded that the ALJ's failure to explicitly reference Plaintiff's moderate bending restriction did not present sufficient grounds for remand.  *Id.* at 22.  The Court finds no clear error in the treatment of this argument in the Report-Recommendation.

Accordingly, the Report-Recommendation is adopted in its entirety.

### IV.  CONCLUSION

Accordingly, the Court hereby

6

**ORDERS** that the Report-Recommendation, Dkt. No. 14, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, Dkt. No. 8, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings, Dkt. No. 12, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 29, 2025
Albany, New York

Anne M. Nardacci
U.S. District Judge